JUDGE CAPRONI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

G.C.W., an infant by his mother and natural guardian, MICHELLE RIVERA, and MICHELLE RIVERA, individually,

                              *Plaintiffs*,

- against -

UNITED STATES OF AMERICA (U.S. Dept. of Health and Human Services) and Urban Health Plans, Inc.,

                              *Defendant.*
------------------------------------------------------------x

15 CV 00294

Civil Action No.

**VERIFIED COMPLAINT**

Jury Trial Demanded



RECEIVED
JAN 15 2015
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff(s), through the attorneys, Gary A. Barbanel, allege, upon information and belief, the following:

PARTIES

1.    Infant Plaintiff, G.C.W., is an infant, having been born in 2014.

2.    Adult Plaintiff, Michelle Rivera, is an adult over the age of eighteen and is the parent and natural guardian of Infant Plaintiff, and resides in Bronx, New York.

3.    Defendant, UNITED STATES of AMERICA, owned, operated, managed, subcontracted, and funded URBAN HEALTH PLANS, INC., a medical health clinic existing under and by virtue of the laws of the State of New York, with its principal place of business located at 1065 Southern Blvd., Bronx, New York 10459.

4.    Defendant, UNITED STATES of AMERICA, through URBAN HEALTH PLANS, INC., employed all medical providers involved in the care and treatment of Infant Plaintiff and Infant Plaintiff's mother during the relevant times, including, but not limited to, the doctor and/or nurses who saw Adult Plaintiff between January 10, 2014 and February 14, 2014, Michael J. Napoli, M.D. and Jennifer Ann Genuardi, M.D.

1

## SUBJECT-MATTER JURISDICTION AND VENUE

5. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1346(b) and 1367(a).

6. Venue is proper pursuant to 28 U.S.C. § 1391(e) because the acts and omissions alleged occurred within the Southern District of New York.

## FEDERAL TORT CLAIMS ACT (FTCA) ADMINISTRATIVE PROCEDURE

7. Plaintiffs filed a Claim with the Department of Health and Human Services, on June 1, 2014, which agency has not responded to as of the below date, 6 months having been passed, thereby enabling the filing of the within Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF INFANT PLAINTIFF FOR PERSONAL INJURIES

8. Defendant, UNITED STATES of AMERICA, and agents, servants, and employees undertook to attend and provide medical care for Infant Plaintiff and Infant Plaintiff's mother in a reasonable, proper and skillful manner during the pregnancy of Infant Plaintiff's mother between January 10, 2014 and February 14, 2014.

9. Defendants and agents, servants, and employees were negligent and committed malpractice in their treatment of Infant Plaintiff and Infant Plaintiff's mother by, but not limited to, failure to timely diagnose, manage, and treat Infant Plaintiff's mother's gestational diabetes, by failing to promptly and properly examine and assess Adult Plaintiff, by failing to diagnose Plaintiff's true condition and failing to perform necessary diagnostic testing required to make a proper diagnosis and to afford proper treatment.

10. Defendants and agents, servants, and employees provided the care to Infant Plaintiff and Infant Plaintiff's mother at the facilities owned and operated by Defendants, Urban Health Plans, Inc.

11. Infant Plaintiff sustained severe and permanent neurological and physical injuries as a result of the negligence and malpractice of Defendants and agents, servants, and employees, including but not limited to, permanent brain damage and disability, speech and language delays, neurological/cognitive deficits, motor delays, inability to live independently, diminished earning capacity, pain, mental anguish, limitation of function, hospital and medical expenses incurred and to be incurred in the future and loss of enjoyment of life.

12. The injuries and damages sustained by Infant Plaintiff were caused solely by the negligence and malpractice of Defendants and agents, servants, and employees without any negligence on the part of Infant Plaintiff or Infant Plaintiff's mother contributing thereto.

13. Infant Plaintiff sustained damages in excess of the jurisdictional limits of all lower courts, which might otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION FOR LACK OF INFORMED CONSENT**

14. Defendants and agents, servants, and employees performed some and failed to perform other medical treatments, procedures, surgeries, and/or diagnostic procedures upon Infant Plaintiff and Infant Plaintiff's mother without obtaining the informed consent of Infant Plaintiff or Infant Plaintiff's mother, including but not limited to treatment of gestational diabetes.

15. Defendants and agents, servants, and employees failed to advise Infant Plaintiff and Infant Plaintiff's mother of the risks, dangers, and consequences associated with the performance or non-performance of the aforesaid medical treatments, procedures, surgeries, and diagnostic procedures.

16. A reasonably prudent person in the position of Infant Plaintiff or Infant Plaintiff's mother would not have permitted, allowed, or undergone the medical treatments, procedures, surgeries, and/or diagnostic procedures and would have chosen a different course of treatment if he/she had been fully informed of the risks, dangers, and consequences.

17. As a result of the aforesaid medical treatments, procedures, surgeries, and/or diagnostic procedures being withheld or performed upon Infant Plaintiff and Infant Plaintiff's mother, without the informed consent of Infant Plaintiff and Infant Plaintiff's mother, Plaintiff(s) sustained personal damages.

18. Such a lack of informed consent is a proximate cause of the damages to Plaintiff(s) for which relief is sought herein.

19. Plaintiff(s) sustained severe and permanent injuries as a result of the failure to obtain an informed consent by Defendants and agents, servants, and employees.

20. The injuries and damages sustained by Plaintiff(s) were caused solely by the negligence and malpractice of Defendants and agents, servants, and employees without any negligence on the part of Infant Plaintiff and Infant Plaintiff's mother contributing thereto.

21. Plaintiff(s) sustained damages in excess of the jurisdictional limits of all lower courts, which might otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF ADULT PLAINTIFF FOR A DERIVATIVE CLAIM

22. As a result of the injuries sustained by Infant Plaintiff due to the negligence and malpractice of Defendants and agents, servants, and employees, and the lack of informed consent, Adult Plaintiff, parent and natural guardian, incurred expenses and obligations of Infant Plaintiff.

23. Infant Plaintiff required extraordinary care as a result of the negligence and malpractice of Defendants and agents, servants, and employees. Said extraordinary care was provided by Adult Plaintiff. As a result of the necessity of providing said extraordinary care, Adult Plaintiff was damaged by the loss of earnings and value of extraordinary services provided.

24. Adult Plaintiff is entitled to the fair value of the extraordinary care, nursing services, and custodial care.

25. Adult Plaintiff sustained damages in excess of the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### STATEMENT REGARDING EXCEPTIONS IN CPLR ARTICLE 1602

26. One or more of the exceptions in CPLR § 1602, including but not limited to Subsection 2(iv) and 7 are applicable to all causes of action and Defendants are jointly and severally liable with all other tortfeasors whether parties to this action or not.

### RELIEF

27. Wherefore, Plaintiffs demand judgment against all Defendants on all causes of action for:

(a) Damages in the amount of $10,000,000.00;

(b) Costs, disbursements, and attorney fees; and